# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| PETER VOUGHT, *Gene Vought, Personal Representative and Trustee*, | Civil No. 10-4388 (JRT/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT** |
| JEFF ELLIS, *individually and in his official capacity as a Mower County Deputy*, | |
| Defendant. | |

Duane A. Kennedy, **KENNEDY LAW OFFICE**, 724 1st Avenue SW, Suite 3, Rochester, MN 55902, for plaintiff.

Jason M. Hiveley, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendant.

On October 27, 2010, Peter Vought brought this action against Defendant Jeff Ellis alleging two causes of action: battery and a violation of 42 U.S.C. § 1983. Ellis is a deputy for the Mower County Sheriff's Department, and Peter Vought alleged that Ellis used excessive force against him. On September 7, 2011, Peter Vought died from causes unrelated to the alleged excessive force. (*See* Second Aff. of Jason M. Hiveley ¶ 3, Apr. 27, 2012, Docket No. 38.) Peter Vought's father, Plaintiff Gene Vought ("Plaintiff"), was appointed trustee of Peter Vought's estate on November 22, 2011. (Aff. of Duane Kennedy at 3-4, Nov. 30, 2011, Docket No. 22.) Plaintiff filed a motion to substitute himself as the plaintiff in this action, which United States Magistrate Judge

Steven E. Rau summarily granted. (Mot. to Substitute Party, Nov. 30, 2011, Docket No. 20; Order Granting Mot. to Substitute Party, Jan. 12, 2012, Docket No. 28.) Before the Court is Ellis's summary judgment motion, which contends that the Court must grant summary judgment because no claims survive Peter Vought's death. (Mot. for Summ. J., Apr. 27, 2012, Docket No. 35.) Because only a § 1983 claim demanding special damages would survive Peter Vought's death, and because Plaintiff has not properly alleged special damages, the Court will grant summary judgment to Ellis.

**ANALYSIS**

**I.    STANDARD OF REVIEW**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party demonstrates that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.    SPECIAL DAMAGES

Plaintiff concedes that his battery claim is time-barred.  Accordingly, only one issue remains for the Court to determine: if Plaintiff's § 1983 claim survives despite Peter Vought's death.

Federal courts apply state law to determine when a § 1983 action may be brought on a decedent's behalf.  *Williams v. Bradshaw*, 459 F.3d 846, 848 (8th Cir. 2006) (citing 42 U.S.C. § 1988(a); *Andrews v. Neer*, 253 F.3d 1052, 1056-57 (8th Cir. 2001)).  Under Minnesota law, a cause of action like Plaintiff's § 1983 claim, which arises out of an injury to a person, will die with the person in whose favor it exists unless an exception applies.  *See* Minn. Stat. § 573.01; *Abed v. Wong*, Civ. No. 05-281, 2006 WL 1116115, at *4 (D. Minn. Apr. 24, 2006) (finding that an excessive force claim arose out of an alleged personal injury).  An exception allowing a § 1983 claim to survive exists if a decedent's representative or successor alleges a claim for "special damages."  *See* Minn. Stat. § 573.02, subd. 2.  Under Minnesota law, "special damages" are "those damages to which an exact dollar amount can be assigned, such as medical expenses or lost wages to date of death."  *Deal v. Northwood Children's Home Soc'y, Inc.*, 608 N.W.2d 922, 925 n.1 (Minn. Ct. App. 2000).[1]  The Court must determine, then, if Plaintiff's § 1983 claim includes a claim for special damages.

---

[1] *See also Beaudry v. State Farm Mut. Auto. Ins. Co.*, 518 N.W.2d 11, 12 n.1 (Minn. 1994) ("Special damages would include medical expenses, lost wages to date of death, and the like."), *abrogated on other grounds*, *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401 (Minn. 2000).

Plaintiff's amended complaint seeks the following relief: (1) damages for "mental anguish, pain and suffering, and humiliation," (2) punitive damages, (3) compensatory damages, and (4) attorneys' fees. The first two types of relief, emotional distress and punitive damages, are not special damages. *Gilbert v. Metro. Prop. & Cas. Ins. Co.*, Civ. No. 09-1990, 2011 WL 4730535, at *2 (D. Minn. Oct. 7, 2011); *Deal*, 608 N.W.2d at 924-27. Even assuming that the third type of damages, compensatory damages, could include special damages, Plaintiff has alleged no specific special damages. Plaintiff merely stated in his responsive memorandum that he "believe[s] the Defendant is exposed to special and punitive damages." (Pl.'s Mem. in Opp'n to Summ. J. at 2, June 15, 2012, Docket No. 43.) Plaintiff's attorney also argued to the Court for the first time during oral argument that Plaintiff has a $1,500 claim for Peter Vought's medical expenses, but Plaintiff apparently failed to disclose that information to Ellis during discovery. Plaintiff's unssported claim that special damages may exist is insufficient to defeat a motion for summary judgment, especially after discovery has closed. (*See* Pretrial Scheduling Order 1-2, Feb. 24, 2011, Docket No. 13.)

The final type of damages, attorneys' fees, could likely be considered special damages because, like medical expenses, they are subject to an exact dollar amount that can be assigned.[2] *See Deal*, 608 N.W.2d at 924 n.1. However, without the ability to

---

[2] The Eighth Circuit has also held that attorneys' fees are "special damages" under Federal Rules of Civil Procedure 9(g). *See, e.g., Nat'l Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 916 (8th Cir. 1997). The Court notes, however, that Rule 9(g) has a different definition of "special damages" than Minn. Stat § 573.02, subd. 2, so cases discussing Rule 9(g) are likely not applicable. *See Kettner v. Compass Grp. USA, Inc.*, Civ. No. 08-205, 570 F. Supp. 2d 1121, 1125-26 (D. Minn. Aug. 4, 2008).

recover other types of damages, Plaintiff does not have a claim for attorneys' fees. A plaintiff can obtain attorneys' fees for a § 1983 violation only when he obtains other relief that "affects the behavior of the defendant toward the plaintiff." *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988). Here, Plaintiff cannot obtain attorneys' fees because neither Plaintiff nor the deceased, Peter Vought, can benefit from money damages, an injunction, or any other type of relief. *See Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("[A] judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party."). Plaintiff thus has no claim for attorneys' fees and no other claim for special damages. *See Taylor v. Hennepin Cnty.*, No. C1-93-2369, 1994 WL 175010, at *3 (Minn. Ct. App. 1994) (holding that a plaintiff's claim abated upon his death, despite his request for attorneys' fees). Accordingly, pursuant to Minn. Stat. § 573.01, the Court must dismiss this action.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 35] is **GRANTED.**

### LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 17, 2012
at Minneapolis, Minnesota.

_____s/ John H. Tunheim_____
JOHN R. TUNHEIM
United States District Judge