UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PETER VOUGHT, *Gene Vought, Personal Representative and Trustee,*<br><br>Plaintiff,<br><br>v.<br><br>JEFF ELLIS, *individually and in his official capacity as a Mower County Deputy,*<br><br>Defendant. | Civil No. 10-4388 (JRT/SER)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REVIEW OF TAXATION OF COSTS** |

   Duane A. Kennedy, **KENNEDY LAW OFFICE**, 724 First Avenue Southwest, Suite 3, Rochester, MN 55902; and William L. French, **FRENCH LAW FIRM**, 400 South Broadway Avenue, Suite 103, Rochester, MN 55904, for plaintiff.

   Jason M. Hiveley, Amanda L. Stubson, and Susan M. Tindal, **IVERSON REUVERS CONDON**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendant.

   The Court granted defendant's motion for summary judgment in this action on September 17, 2012. *Vought v. Ellis*, Civ. No. 10-4388, 2012 WL 4090061 (D. Minn. Sept. 17, 2012). The Clerk of Court granted defendant's bill of costs and taxed $791.73 against plaintiff. (Cost J., Oct. 29, 2012, Docket No. 57.) The matter is now before the Court on plaintiff's timely motion for review of the Clerk's decision pursuant to District of Minnesota Local Rule 54.3(c). (Mot., Oct. 31, 2012, Docket No. 58.) Defendant did not respond to plaintiff's motion.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  "A prevailing party is presumptively entitled to recover all of its costs."  *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005).  "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs."  *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).  This Court has discretion to refuse to award costs to a prevailing party, *Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995), but it is required to articulate specific reasons for doing so and "[a] general statement of fairness is insufficient."  *Thompson*, 472 F.3d at 517.  Several circuits have held that district courts may refuse to award costs based on the losing party's financial resources.  *See, e.g.*, *Ass'n of Mexican-Am. Educators v. State of Calif.*, 231 F.3d 572, 592 (9th Cir. 2000) (approving "the losing party's limited financial resources" as a reason for refusing to award costs); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) ("Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs.").

Here, plaintiff's counsel submitted an affidavit explaining that (1) the original plaintiff, Peter Vought, had been allowed to proceed in forma pauperis; (2) Peter's father, Gene Vought, was appointed as trustee when Peter died, and the Court also allowed Gene to proceed in forma pauperis; (3) Gene is 81 years old; (4) Gene and his wife are both

unemployed and living on social security payments; and (5) imposition of costs would be an undue hardship. (Aff. of Duane A. Kennedy, ¶¶ 3-8, Oct. 31, 2012, Docket No. 59.)

In light of plaintiff's limited financial resources, the Court finds that it would be very difficult, and perhaps impossible, for plaintiff to pay the costs that the Clerk awarded to defendant. The Court is not required to refuse to grant costs upon a such a showing by the non-prevailing party, see *In re Derailment Cases*, 417 F.3d at 844-45, but in this case, the Court finds that the imposition of such hardship on plaintiff is unwarranted, particularly because plaintiff did not bring the action and merely acted as trustee after his son's death. Therefore, the Court will grant plaintiff's motion for review of the Clerk's cost judgment and overrule the cost judgment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for review of taxation of costs [Docket No. 58] is **GRANTED**.

2. The Cost Judgment [Docket No. 57] is **VACATED**. The Defendant will be awarded no costs in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  January 16, 2013                                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                        JOHN R. TUNHEIM
                                                                   United States District Judge